UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IBRAHIM SAMMUOUR,

    Plaintiff,

                                          Case No. 06-CV-15197-DT

v.

                                          HONORABLE DENISE PAGE HOOD

WAYNE COUNTY PROSECUTOR'S
OFFICE, IBRAHIM N. NUNU, PAUL
BERNIER, NANCY DEAL AND MARY SUE,

    Defendants.
_____/

**ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS
AND APPLICATION FOR APPOINTMENT OF COUNSEL
AND
ORDER OF SUMMARY DISMISSAL**

Plaintiff Ibrahim Sammuour filed an application to proceed *in forma pauperis* and for appointment of counsel. A review of Plaintiff's application supports Plaintiff's claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against Defendants based on the absolute immunity doctrine.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on the defendants if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district

court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Liberally construing Plaintiff's Complaint and Amended Complaint, along with the documents attached, it appears Plaintiff is claiming that the Wayne County Prosecutor's Office, including the individual Defendants from that office, Paul Bernier, Nancy Deal (sic) and "Mary Sue" improperly dismissed a criminal case against Defendant Ibrahim N. Nunu for allegedly issuing checks which were returned by the bank.

As to the Wayne County Prosecutor Defendants, it is well-established that prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman,* 424 U.S. 409, 420, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Higgason v. Stephens,* 288 F.3d 868, 878 (6th Cir.2002). Because the actions by the prosecutors are related to the presentation of the state's case before the Michigan courts, the Wayne County Prosecutor Defendants are entitled to absolute immunity. These Defendants are immune from any lawsuit filed by Plaintiff relating to the criminal case against Defendant Nunu. Regarding any state law claim Plaintiff may have to recover any monies from the checks allegedly issued by Defendant

2

Nunu which were returned by the bank, because the Court has dismissed the § 1983 federal cause of action, the Court declines to exercise its supplemental jurisdiction over any state law claims. *See Weeks v. Portage County Executive Offices,* 235 F.3d 275, 279-80 (6th Cir.2000).

Accordingly,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Docket No. 3, November 21, 2006) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Application for Appointment of Counsel (Docket No. 2, filed November 21, 2006) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Complaint and Amended Complaint are DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that an Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-611.

      /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: January 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2007, by electronic and/or ordinary mail.

      S/William F. Lewis
Case Manager

3